**Shingara SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71134.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 29, 2005.*

Decided Oct. 26, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

credibility determination, reviewing it for substantial evidence and affirming if the IJ provides specific, cogent and legitimate reasons for disbelieving the applicant's testimony. *See Akinmade v. INS,* 196 F.3d 951, 954 (9th Cir.1999).

Singh knowingly allowed a preparer to falsify essential elements of his claim, including a story of police torture which never occurred. He signed the false declaration and also gave false testimony at the hearing. These are "false statements made to establish the critical elements of the asylum claim [which] involve the heart of the asylum claim...." *Id.* at 956 (quotations and alterations omitted). Substantial evidence supports the negative credibility determination. Singh failed to meet his burden to establish eligibility for asylum, withholding of deportation, or CAT relief.

PETITION FOR REVIEW DENIED.

Richard E. Oriakhi, Esq., Roman & Singh, LLP, San Francisco, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, U.S. Department of Justice Civil Div./Office of Immigration Lit., Eileen C. Mayer, Esq., Martin Dee Carpenter, Esq., Office of the U.S. Attorney, Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

## MEMORANDUM **

Shingara Singh petitions for review from the summary affirmance by the Board of Immigration Appeal ("BIA") of the decision by an Immigration Judge ("IJ") denying his application for political asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). The IJ determined that Singh was not credible because he admitted that he falsified his application. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

We look through the BIA's summary affirmance to the IJ's opinion. *See Khup v. Ashcroft,* 376 F.3d 898, 902 (9th Cir. 2004). We give great weight to the IJ's

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.